## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL
## FIRST CIRCUIT

### 2020 KA 0450

### STATE OF LOUISIANA

### VERSUS

### CAMERON S. MITCHELL

Judgment rendered: ___APR 2 9 2021___

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No. 1800268, Div. "C"

The Honorable Robert H. Morrison, III, Judge Presiding

* * * * *

Prentice Lang White
Baton Rouge, Louisiana

Attorney for Defendant/Appellant
Cameron Mitchell

Scott M. Perrilloux
District Attorney
Brett Sommer
Assistant District Attorney
Amite, Louisiana

Attorneys for Plaintiff/Appellee
State of Louisiana

* * * * *

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

The defendant, Cameron Mitchell, was charged by grand jury indictment with first degree rape, a violation of La. R.S. 14:42. The defendant pled not guilty and, following a jury trial, was found guilty as charged. The defendant filed a motion for new trial, which was denied. The defendant was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The defendant now appeals. We affirm the conviction and sentence.

## FACTS

K.J.[1] had been involved briefly with the defendant. According to K.J., they had sexual relations only once. When she ended the relationship, the defendant continued to make unwanted contact with her. He physically injured her, stalked her, went to her place of employment, and called and texted her harassing messages.

On the evening of November 1, 2017, K.J. was waiting for a ride from a friend on Wilson Road in Tangipahoa Parish. According to K.J., the defendant drove up in his pickup truck. He got out, approached K.J., brandished a knife, and ordered her into the truck. She got into the truck, and the defendant drove to his camper, which he kept behind Hatcher Dairy Farm. The defendant took K.J. inside the camper. He struck her on her face, head, and body, and choked her. He forced her to perform fellatio on him. The defendant then forced her on all fours. She pleaded for the defendant to stop, but he threatened to kill her. The defendant then anally raped K.J. The defendant told K.J. that if she told anyone, he would kill her and her children. The defendant drove K.J. back to Wilson Road and dropped her off where he had earlier picked her up. The next morning, K.J. went to the Kentwood Police Department and gave a written statement. She was taken to

---

[1] Initials are used to protect the identity of victims of sex offenses. See La. R.S. 46:1844(W).

2

Hood Memorial Hospital where a rape kit was done. The defendant did not testify at trial.

## ASSIGNMENT OF ERROR NUMBER 1

In his first assignment of error, the defendant argues he was convicted by a non-unanimous verdict.

According to the defendant, he was convicted by a verdict of eleven to one and his conviction and sentence must be vacated. The defendant is incorrect. He was convicted by a unanimous verdict. After reading the guilty verdict aloud, the trial court asked if counsel wished the jury to be polled, to which counsel responded affirmatively. The trial court then stated, "Ladies and gentlemen, we are going to give you each a card here that says, ["I]s this your verdict?["] If you will sign that that is your verdict, you need check yes and sign it. If it's not, the other." The slip of paper given to each juror asks, "IS THIS YOUR VERDICT?" Under this question, there is "YES" with a line next to it; under the "YES" is "NO" with a line next to it. Eleven of the jurors placed a check mark on the blank line next to the word "YES." One juror placed an "X" on the blank line next to the word "YES." Thus, all twelve jurors were asked if the guilty verdict was their verdict, and all twelve jurors placed their mark next to the word "YES." We find no significance in that one juror used an "X" rather than a check mark to indicate his guilty verdict.

This assignment of error is without merit.

## ASSIGNMENT OF ERROR NUMBER 2

In his second assignment of error, the defendant argues the trial court erred in denying his motion for new trial.

The defendant contends the State was allowed to use overly prejudicial other crimes evidence at trial. According to the defendant, K.J. testified against him by making several inflammatory and unproven allegations of raping, burglarizing, and

exhibiting racist behavior. The defendant argues the jury was tainted by this information and convicted him solely on the reprehensible nature of the information.

The State filed two pretrial notices to use other crimes involving domestic abuse matters under La. Code Evid. arts. 404 & 412.4. In his written motion for new trial, the defendant argued the verdict was contrary to the law and the evidence. See La. Code Crim. P. art. 851(B)(1). Defense counsel filed no opposition to the State's notices of intent. Further, defense counsel did not object to any of K.J.'s testimony at trial that the defendant now complains of. Moreover, K.J.'s testimony about defendant's burglarizing her house or raping other women, particularly the defendant's sister, was not elicited by the State. This testimony was brought out and discussed by defense counsel during the cross-examination of K.J. As the prosecutor pointed out at the hearing on the motion for new trial, she knew of only one prior rape by defendant (not the defendant's sister) and had informed K.J. not to say anything about that incident.

A trial judge's determination regarding the weight of the evidence under La. Code Crim. P. art. 851(B)(1) is not reviewable on appeal, except for error of law. See La. Code Crim. P. art. 858. Article 851(B)(5) allows the trial court to grant a new trial if the ends of justice would be served, although the defendant may not be entitled to a new trial as a matter of strict legal right. The grant or denial of a new trial pursuant to Article 851(B)(5) does not involve questions of fact. In deciding whether the trial court abused its discretion in granting or denying a new trial under Article 851(B)(5), we keep in mind two precepts. One, the trial court is vested with almost unlimited discretion, and its decision should not be disturbed unless there has been a palpable abuse of that discretion. Two, this ground for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case, the motion should be denied, no

4

matter upon what allegations it is grounded. **State v. Dyson**, 2016-1571 (La. App. 1st Cir. 6/2/17), 222 So.3d 220, 234-35, writ denied, 2017-1399 (La. 6/15/18), 257 So.3d 685.

Louisiana's contemporaneous objection rule provides that an irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. See La. Code Crim. P. art. 841(A); La. Code Evid. art. 103(A)(1); **State v. Mitchell**, 2016-0834 (La. App. 1st Cir. 9/21/17), 231 So.3d 710, 722, writ denied, 2017-1890 (La. 8/31/18), 251 So.3d 410. Accordingly, a contemporaneous objection is necessary to preserve the issue for appellate review. Additionally, it is well settled that defense counsel must state the basis for his objection when making it and point out the specific error of the trial court. The grounds of the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and correct any claim of prejudice. A defendant is limited on appeal to grounds for an objection articulated at trial. **State v. Patton**, 2010-1841 (La. App. 1st Cir. 6/10/11), 68 So.3d 1209, 1216. Not until his motion for a new trial did the defendant first object to any of K.J.'s testimony regarding other crimes evidence. Accordingly, the defendant is barred from review of this issue on appeal. See **State v. Videau**, 2013-520 (La. App. 5th Cir. 12/27/13), 131 So.3d 1070, 1086, writ denied, 2014-0212 (La. 9/12/14), 160 So.3d 965. See also **State v. Diggs**, 2019-0956 (La. App. 1st Cir. 12/27/18), 294 So.3d 487, 495, writ denied, 2020-00181 (La. 7/24/20), 299 So.3d 69.

Herein, the defendant has made no showing below or on appeal that an error of law, injustice, or abuse of discretion was committed. See **Dyson**, 222 So.3d at 235. Accordingly, this assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**